IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Cliff Weaver, | ) | Civil Action No. 1:12-cv-02870-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| Carolyn W. Colvin, | ) | |
| Acting Commissioner of Social Security | ) | |
| Administration[1], | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Cliff Weaver ("Plaintiff") filed this action seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). This matter is before the court for review of the Report and Recommendation ("Report") of United States Magistrate Judge Shiva V. Hodges, issued in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(a) D.S.C. (ECF No. 20.)

The magistrate judge issued a Report in which she concluded that the Administrative Law Judge ("ALJ") applied the proper legal standards in determining the effect of res judicata on Plaintiff's claim and reaching a conclusion at step five of the sequential evaluation process that Plaintiff was not disabled. (See ECF No. 20 at 1, 12, 15.) Accordingly, the magistrate judge recommends that the court affirm the Commissioner's final decision. (Id. at 1.) Plaintiff filed several objections to the Report as referenced below. (ECF No. 23.) For the reasons set forth

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Fed. R. Civ. P. 25(d), Carolyn W. Colvin is substituted for Commissioner Michael J. Astrue as Defendant in this lawsuit.

1

below, the court **ACCEPTS** the Report of the magistrate judge and **AFFIRMS** the Commissioner's final decision.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The relevant factual and procedural background of this matter is discussed in the Report. (See ECF No. 20.) The court concludes, upon its own careful review of the record, that the magistrate judge's factual and procedural summation is accurate and incorporates it by reference. The court will only reference herein facts pertinent to the analysis of Plaintiff's claims.

Plaintiff was injured in an on-the-job accident in which he fell ten to twelve feet down an elevator shaft. (ECF No. 11-7 at 32.) As a result of this accident, Plaintiff underwent three foot surgeries and one back surgery for which he eventually received workers' compensation. (ECF Nos. 11-2 at 42, 11-5 at 13.) Plaintiff also allegedly suffers from dyslexia, attention deficit hyperactivity disorder, major depression accompanied by severe anxiety, and a mood disorder related to his medical condition.[2] (ECF No. 11-7 at 2-4.)

Plaintiff filed an application for Disability Insurance Benefits ("DIB") on June 9, 2005 regarding a disability which he alleged began on February 27, 2004. (ECF No. 11-5 at 21.) Plaintiff's application was denied initially in November 2005 and Plaintiff did not appeal. (Id.) Plaintiff filed a second application for DIB on September 29, 2006, also alleging an onset date of February 27, 2004. (Id.) This second application was denied in January 2007 following initial review and Plaintiff did not appeal. (Id.) On December 23, 2008, Plaintiff filed a third application for DIB, again alleging an onset date of February 27, 2004. (Id. at 2-5) Plaintiff's third application was denied initially and upon reconsideration. (ECF No. 11-3 at 2-3.)

---

[2] As observed by the magistrate judge, Plaintiff alleges error by the ALJ solely regarding his mental impairments. (ECF No. 20 at 3.)

On September 10, 2010, Plaintiff had a hearing before an ALJ, who found that Plaintiff was not entitled to DIB on October 1, 2010. (ECF No. 11-2 at 24, 29-48.) In support of his findings, the ALJ determined that the doctrine of res judicata barred Plaintiff's claim for the period of February 27, 2004 through January 11, 2007, because Plaintiff's prior and pending DIB applications involved the rights of the same party, the same material facts, and the same issues. (ECF No. 11-2 at 15, 17.) The ALJ determined that Plaintiff had a residual functional capacity ("RFC") to do the following:

> [S]it for 6 hours of an 8-hour day; stand/walk for 2 hours of an 8-hour day; frequently lift/carry light items; occasionally lift 10 pounds; never climb, crawl, or kneel; occasionally crouch and stoop; and never be exposed to hazards. He would require a sit/stand option at will. He would also be limited to low-stress work, defined as no more than occasional decision making, which does not require complex reading, writing, or math.

(Id. at 19-20.) The ALJ further determined that based on Plaintiff's age, education, work experience, and residual functional capacity, he was capable of performing work that exists in significant numbers in the national economy such as a machine tender, an assembler, or a surveillance system monitor. (Id. at 23.) Based on the foregoing, the ALJ found that Plaintiff was not disabled as defined by the Social Security Act ("SSA"), at any time from January 12, 2007 through December 31, 2009, and was therefore not entitled to DIB. (Id. at 24.) Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review. (Id. at 2-4.)

Subsequently, on October 4, 2012, Plaintiff commenced this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of the Commissioner's final decision denying Plaintiff's claim for DIB. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a) D.S.C., the magistrate judge issued the Report on November 12, 2013. (ECF No. 20 at 1.) In the Report, the magistrate judge found that the ALJ correctly applied the

doctrine of res judicata to Plaintiff's claims from February 27, 2004 through January 11, 2007, and adequately carried the Commissioner's burden at step five of the sequential evaluation process. (Id. at 15, 18.)

Plaintiff filed timely objections to the Report on December 2, 2013 alleging that the magistrate judge erred for the following reasons:

1) she weighed conflicting evidence rather than determining if Plaintiff had sufficient evidence to prove prima facie mental incompetence; and

2) she found that the jobs recommended by the vocational expert ("VE") fit within the ALJ's RFC. (ECF No. 23.)

The Commissioner filed a response to Plaintiff's objections to the Report on December 16, 2013 asserting that substantial evidence supported both her decision and the magistrate judge's Report. (ECF No. 25.)

## II.     LEGAL STANDARD AND ANALYSIS

A.     The Magistrate Judge's Report and Recommendation

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to - including those portions to which only "general and conclusory" objections have been made - for clear error. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983); Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit

the matter with instructions.  See 28 U.S.C. § 636(b)(1).

B.     The Court's Standard of Review

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one.  Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."  42 U.S.C. § 405(g).  "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance."  Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964).  This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner.  See Vitek v. Finch, 438 F.2d 1157 (4th Cir. 1971).  The court must uphold the Commissioner's decision as long as it is supported by substantial evidence.  See Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).  "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted.  The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency."  Flack v. Cohen, 413 F.2d 278, 279 (4th Cir. 1969).  "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational."  Vitek, 438 F.2d at 1157–58.

C.     The Magistrate Judge's Report

Upon her review, the magistrate judge found that the ALJ did not err in applying the doctrine of res judicata for the period of February 27, 2004 through January 11, 2007, because Plaintiff failed to make a prima facie showing that he was not competent at the time of the earlier denials.  (ECF No. 20 at 15.)  In support of this finding, the magistrate judge observed that the ALJ made clear during a September 10, 2010 hearing that he was considering whether res

judicata would apply based on Plaintiff's prior claims and Plaintiff's counsel took the position that res judicata did not apply, but failed to either provide any reason for this position or identify issues relevant to Plaintiff's mental competency.  (Id. (citing ECF No. 11-2 at 34-35).)

The magistrate judge also found that there was not any conflict between the RFC limitations assessed by the ALJ and the requirements of the Dictionary of Occupational Titles ("DOT") for the machine tender and assembler jobs Plaintiff could perform as identified by the VE.  (Id. at 17-18.)  The magistrate judge observed that the ALJ limited Plaintiff to low-stress work, defined as no more than occasional decision making, which does not require complex reading, writing, or math.  (ECF No. 17 (referencing ECF No. 11-2 at 20).)  The magistrate judge further observed that the DOT provides that the jobs of machine tender (DOT #731.685-014) and assembler (DOT #739.684-094) have a reasoning level of 2, which requires the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions" and the ability to "[d]eal with problems involving a few concrete variables in or from standardized situations."  (Id. at 16 (referencing U.S. Dept. of Labor, Dictionary of Occupational Titles, 1991 WL 679811 (DOT #731.685-014), 1991 WL 680137 (DOT #739.684-094) (4th ed. rev. 1991)).)  Because a reasoning level of 2 is generally consistent with an RFC limiting the plaintiff to "simple, repetitive tasks and instructions," the magistrate judge found that Plaintiff's limitation to no complex reading, writing, or math was the equivalent to a limitation to simple, repetitive tasks and instructions.  (Id. at 17 (citing Lindsey v. Astrue, C/A No. 9:10-1079-CMC, 2011 WL 2214779, at *4 (D.S.C. June 7, 2011)).)  Accordingly, the magistrate judge recommended affirming the ALJ's step five determination that Plaintiff was capable of performing other work available in the national economy.  (Id. at 18.)

D.        <u>Plaintiff's Objections and the Commissioner's Response</u>

Objections to the Report must be specific.  <u>See</u> <u>U.S. v. Schronce</u>, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984) (failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge); <u>see also</u> <u>Camby</u>, 718 F.2d at 199 (in the absence of specific objections to the Report of the magistrate judge, this court is not required to give any explanation for adopting the recommendation).

Plaintiff first objects to the magistrate judge's finding that Plaintiff had failed to make a prima facie case "that his mental impairments prevented him from understanding the Commissioner's procedures for requesting review of determinations made at the initial claims level."  (ECF No. 23 at 1-2.)  Plaintiff argues that the ALJ found that his mental impairments were severe, because the ALJ specifically incorporated them into the RFC.  (<u>Id.</u> at 2.)  Plaintiff further argues that this finding of mental incompetency alone establishes a prima facie case of mental incompetence entitling him to an evidentiary hearing before the doctrine of res judicata can be invoked.  (<u>Id.</u> (referencing Acquiescence Ruling 90-4(4)).)  In this regard, Plaintiff asserts that the magistrate judge erred by "weighing the evidence to determine whether or not [] [Plaintiff] was or was not capable of understanding the appeals process."  (<u>Id.</u>)

Plaintiff next objects to the magistrate judge's determination that "jobs proffered by the VE were consistent with the ALJ's RFC assessment."  (ECF No. 23 at 3.)  The ALJ determined based on the VE's testimony that Plaintiff was capable of performing other work as a surveillance-system monitor, assembler, and or a machine tender.  (ECF No. 11-2 at 23, 46.)  Plaintiff asserts that the ALJ's other work findings were inconsistent with the RFC in the context of the trailer definitions for the other work jobs in the DOT and the "decision to apply res

7

judicata to [] [Plaintiff's] earlier applications." (ECF No. 23 at 3 (referencing ECF No. 15 at 12-13).)

In her response to Plaintiff's objections, the Commissioner asserts that the Report had already addressed Plaintiff's specific arguments and was supported by substantial evidence. (ECF No. 25.) Therefore, the Commissioner requests that the court reject Plaintiff's objections to the Report.

E.  The Court's Review

The court has reviewed Plaintiff's objections to the magistrate judge's Report. After de novo review of Plaintiff's objections, the court finds that the magistrate judge performed a thorough analysis of the record, including her evaluation of the medical evidence as it relates to Plaintiff's objections, in reaching the conclusion that substantial evidence supports the Commissioner's decision regarding the application of res judicata on Plaintiff's claim and the determination reached at step five of the sequential evaluation process. In this regard, substantial evidence supports the finding of the applicability of res judicata and the finding that Plaintiff was not disabled because he was capable of performing other work available in the national economy. Therefore, the court overrules Plaintiff's objections to the magistrate judge's Report because they are without merit.

### III.  CONCLUSION

Upon careful consideration of the entire record, the court **ACCEPTS** the magistrate judge's Report and Recommendation incorporating it by reference, and **AFFIRMS** the final decision of the Commissioner denying Plaintiff's claim for Disability Insurance Benefits.

**IT IS SO ORDERED.**

*/s/ J. Michelle Childs*

United States District Judge

March 31, 2014
Columbia, South Carolina